Matter of Gerlach (Marino)

2026 NY Slip Op 02372

April 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Accounting by Janet Marino Gerlach, Executor of the Will of Edward J. Marino, Deceased, for the Period of December 22, 2006 to December 31, 2012.

In the Matter of Accounting by Janet Marino Gerlach, Executor of the Will of Edward J. Marino, Deceased, for the Period of January 1, 2013 to March 31, 2019.

In the Matter of Janet Marino Gerlach, Respondent,

Michael Marino, Respondent/Objectant-Appellant, Christopher Marino, Respondent/Objectant.

Decided and Entered: April 21, 2026

File No. 0234/07B, 0234/07H|Appeal No. 6414|Case No. 2025-01851|

Before: Renwick, P.J., Friedman, Gesmer, Pitt-Burke, Hagler, JJ.

Law Office of Andrew Ross, Shelter Island (Andrew P. Ross of counsel), for appellant.

Greenfield Stein & Senior, LLP, New York (Amy F. Altman of counsel), for respondent.

[*1]

Amended Decision and Order, Surrogate's Court, New York County (Rita M. Mella, S.), entered February 19, 2025, which, to the extent appealed from as limited by the briefs, denied objectant Michael Marino's motion for summary judgment sustaining certain objections to petitioner Janet Marino Gerlach's accountings as executor of the Estate of Edward J. Marino, unanimously affirmed, without costs.

The court properly denied objectants' motion for summary judgment because objectants did not show, as a matter of law, that any financial loss resulted from petitioner's alleged negligence or her alleged "failure to exercise that degree of care which prudent persons of discretion and intelligence in such matters employ in their own affairs" (Matter of Bankers Trust Co. [Siegmund], 219 AD2d 266, 272 [1st Dept 1995], app dismissed sub nom. In re Bankers Trust Co, 87 NY2d 1055 [1996]). Objectants established prima facie that the corporations that owned the real property operated at a significant loss and that the fair market value of those real properties consistently declined in value during the five years after decedent's death, which petitioner did not dispute. However, petitioner raised a triable issue of fact by arguing that her investment strategy of renovating the properties and selling them when the real estate market improved was reasonable and resulted in significant gains (see Matter of Janes, 90 NY2d 41, 50 [1997]). Moreover, Articles V(D) and XIII(G) of the will afforded petitioner broad discretion in connection with management decisions and authorized her to retain the properties "for any period of time whatsoever." The prudent investor standard of care has "always been deemed subordinate to the provisions of the governing instrument" (Matter of HSBC Bank USA, N A [Knox], 98 AD3d 300, 310 [4th Dept 2012], lv dismissed sub nom. Matter of Judicial Settlement of the Intermediate Account of HSBC Bank USA, NA, 20 NY3d 1056 [2013]).

The court's reliance on Article XIII(G) of the will was not in error because that provision was not void as against public policy under EPTL 11-1.7. Article XIII(G) did not exonerate petitioner from liability for negligence but merely provided her with the discretion to refrain from selling the real property at any time. In any event, the court did not exclusively rely on the provisions of the will but rather cited other reasons to support its conclusion that petitioner presented sufficient evidence to raise a triable issue of fact.

[*2]

The court properly concluded that objectants failed to demonstrate prima facie that petitioner overpaid herself management and broker's fees and, even if they had met that standard, petitioner presented sufficient evidence to raise a triable issue of fact. Petitioner stated that she received management and broker's fees during decedent's lifetime and continued to render those services when she became executor of the Estate. Moreover, her expert disagreed with objectants' expert as to the standard rate of compensation for the management services in the area where the real property was located. An executor who performs services that are beyond their executorial duties may be compensated for those extra services, including real estate broker's commissions (see Matter of Tuttle, 4 NY2d 159, 167 [1958]).

Finally, the court correctly found that objectants did not demonstrate as a matter of law that petitioner failed to withhold the estate tax attributable to the bequests to five named beneficiaries. In any event, petitioner raised a triable issue of fact based on the

affidavit of her attorney that the estate taxes were in fact withheld from the distribution to the five named beneficiaries.

We have considered objectants' remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 21, 2026